BRevaed, J.
The motion is this case ought, in my opinion, to be overruled. The stat. 8 Ann, c. 14, “ for the better security of rents,” of force in this State, P. L. 97, does not extend to this case. According to that statute, goods taken in execution are liable before removal from the land leased, to the payment of one year’s rent, if due.
The goods, thus liable, must, I conceive, be subject to distress for rent arrear, as the goods of the tenant, at the time when rent is demanded by the landlord.
If the goods are levied on in virtue of an execution against the tenant, and áre in the custody of the law, and on the premises, when the rent becomes due, and unsold, I rather incline to think they may be liable to the landlord’s claim of rent.
But if they are sold before the rent is demandable, it seems to me they ought not to be liable to the landlord’s claim, under the statute ; because the statute requires the party at whose suit execution is sued out, before he proceeds to execute his judgment, to pay the landlord his rent due. After sale the judgment is executed, and the creditor is no longer liable by the statute. The sheriff is no longer answerable, for his duty is discharged. The purchaser at sheriff’s sale is not liable by the statute, for he is not within its purvieu. If the goods remain on the premises after sale, they may be liable to distress for the rent arrear; but the sheriff cannot be ordered to pay the landlord the money raised by the sale under execution.
The court, unanimously, rejected the motion.